STATE of Minnesota, by Warren SPAN-
NAUS, its Attorney General,
petitioner, Respondent,

v.

Delmar DANGERS et al., Appellants.

No. C7–84–1932.

Court of Appeals of Minnesota.

May 28, 1985.

Review Denied Aug. 20, 1985.

Hubert H. Humphrey, III, Atty. Gen.,
Louis K. Robards, Sp. Asst. Atty. Gen., St.
Paul, for respondent.

C.A. Johnson, II, Mankato, for appel-
lants.

Heard, considered and decided by NIER-
ENGARTEN, P.J., and FOLEY and LES-
LIE, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an eminent domain proceeding in
which the landowners moved to vacate con-

demnation proceedings because the State failed to make full payment within forty-five days of judgment. The trial court denied the motion. We affirm.

## FACTS

In 1976, the State instituted an action to obtain a parcel of land owned by the Dangers. An award of $198,970 was filed by the Commissioners.

Both parties appealed and the State paid the Dangers three-fourths of that award, $149,227.50, pursuant to Minn.Stat. § 117.-155 (1984), which allows a landowner to demand partial payment pending appeal. Title and possession then passed to the state pursuant to Minn.Stat. § 117.042 (1984).

In 1978, a jury returned a verdict of $496,000, which was later reversed on appeal by the supreme court. *See State v. Dangers*, 312 N.W.2d 668 (Minn.1981).

In September 1982, a second jury returned a $200,000 verdict. On December 9, 1983, the Minnesota Supreme Court summarily affirmed the trial court's denial of the Dangers' motion for new trial or additur. The supreme court issued an order affirming the trial court on January 9, 1984.

The supreme court's order and judgment were entered in the clerk of the district court office on January 10, 1984, but the clerk did not enter a district court judgment until June 15, 1984. This judgment, however, was backdated to reflect an entry of judgment on January 10, 1984. The State received the district court's Notice of Entry of Judgment on June 19, 1984.

On June 15, 1984, the State mailed final payment to the district court reflecting all principal and interest still owing on the $200,000 jury verdict. Three days later, the Dangers moved to dismiss the condemnation proceeding, alleging Minn.Stat. § 117.195, subd. 1 (1984) mandated that the trial court vacate the award and dismiss proceedings against the land on account of the State's failure to pay all sums owing within forty-five days of final judgment

being rendered. The Dangers also sought reasonable costs and expenses, including attorneys fees, pursuant to Minn.Stat. § 117.195, subd. 2 (1984). Dangers' motion was denied.

## ISSUE

Should the award be vacated and proceedings against the land dismissed as a result of the State's failure to make full payment within forty-five days of final judgment?

## ANALYSIS

■ Minnesota's eminent domain statutes provide:

> If the award is not paid * * * in case of an appeal within 45 days after final judgment, * * * the court, on motion of the owner of the land, shall vacate the award and dismiss the proceedings against the land.

Minn.Stat. § 117.195, subd. 1 (1984). This section cannot be read to compel vacation of condemnation proceedings for untimely payments of inconsequential amounts when the state has acted in good faith and the property owner is entitled to interest on the unpaid amount.

■ Here, under the facts of this case, we can employ the concept of sufficient or substantial compliance. The doctrine of substantial compliance looks to whether:

1. There has been a lack of prejudice to the defending party;

2. A series of steps have been taken to comply with the statute involved;

3. There has been a general compliance with the purpose of the statute;

4. A reasonable notice of the claim was present;

5. The party requesting application of the doctrine has a reasonable explanation as to why there was no strict compliance with the statute.

*See Bernstein v. Board of Trustees of Teachers' Pension and Annuity Fund*, 151 N.J.Super. 71, 76, 376 A.2d 563, 566 (App.Div.1977).

■ The State has met the requirements of the five part test. Pursuant to section 117.155, it paid the Dangers $149,227.50 in March 1977. In July 1979, the State paid an additional $20,002.50, the remaining amount owing on the State's approved appraisal value. These payments totalled nearly 85% of the ultimate jury verdict. The State also made a $62,500 supplemental housing payment to the Dangers in December 1983, and advanced an additional $52,745 in the early months of 1984 for moving and relocation expenses.

■ In addition, there appears to have been confusion between the parties as to the responsibility for the Dangers' costs and attorneys' fees. These facts, together with the district court clerk's failure to enter a district court judgment until more than six months after the supreme court had affirmed the trial court's decision, prohibits strict enforcement of section 117.195. *Cf. County of Hennepin v. Mikulay*, 292 Minn. 200, 194 N.W.2d 259 (1972) (condemnor precluded from abandoning proceedings after property owner's surrender of possession and condemnor's acceptance of it, coupled with the acceptance by owner of three-fourths of the award).

### DECISION

A strict interpretation of Minn.Stat. § 117.195 (1984) will not be employed where the State is in substantial compliance with statutory obligations imposed on it.

Affirmed.